# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STACEY SHORE,**

        **Plaintiff,**

**v.**                                                     Case No: 6:18-cv-1893-Orl-28DCI

**GREENSPOON MARDER, P.A.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **DEFENDANT'S MOTION FOR ATTORNEY FEES (Doc. 48)**
>
> **FILED:**      **July 2, 2019**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. Introduction

In this consumer protection case, Plaintiff sued Defendant alleging that it violated provisions of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). Doc. 17. In response, Defendant filed a motion to dismiss for failure to state a claim. Doc. 16. Plaintiff filed an Amended Complaint (Doc. 17), mooting the first motion to dismiss (Doc. 18), and then Defendant filed a second motion to dismiss (Doc. 19). Plaintiff responded in opposition to the second motion to dismiss. Doc. 20.

On February 8, 2019, about a week after the response, Defendant filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent power. Doc. 23. Plaintiff responded to the motion for sanctions and additional motions were filed that related to discovery. *See*, *e.g.*, Docs. 31; 32; 34; 38.

In the meantime, Plaintiff's counsel continued to litigate other cases filed in this District that involved similar claims and defenses, including *Bartine v. Diamond Resorts Mgmt., Inc.*, No. 6:18-cv-1364-PGB-TBS (M.D. Fla.) (complaint filed on August 17, 2018). On June 13, 2019, the *Bartine* court granted the defendant's motion to dismiss and ordered that a complaint similar to the one in the instant case be dismissed with prejudice. *Bartine* at Doc. 72. That same day, in three other similar cases, the court directed the plaintiffs to show cause why the complaints in those cases should not be dismissed for the reasons stated in the *Bartine* order. *See Hutsman v. First Am. Title Ins. Co*, No. 6:18-cv-1850-PGB-TBS (M.D. Fla.); *Matis v. First Am. Title Co.*, No. 6:18-cv-1993-PGB-TBS (M.D. Fla.); *Simons v. First Am. Title Co.*, No. 6:18-cv-2002-PGB-TBS (M.D. Fla.). When the plaintiff, represented by Plaintiff's counsel here, failed to respond to the orders to show cause, those three cases were all dismissed on June 21, 2019. *See id*.

Returning to this case, on June 18, 2019, the Court held a hearing on a pending discovery motion. That same day, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. 46. At that time, the second motion to dismiss and the motion for sanctions remained pending, and the Court entered an order terminating the motion to dismiss as moot given the filing of the Notice of Voluntary Dismissal but retained jurisdiction to decide the motion for sanctions. Doc. 47.

On July 2, 2019, Defendant filed a motion seeking attorney fees pursuant to "Federal Rule of Civil Procedure 54, Local Rule 4.18, and Fla. Stat. § 559.77(2)." Doc. 48 (the Motion). In the

Motion, Defendant asserted that it was a prevailing party under Florida law due to the voluntary dismissal of the FCCPA claim and, as such, is entitled to recover attorney fees pursuant to Rule 54 and Local Rule 4.18, by reference to section 559.77(2). Defendant then rehashed its arguments – made already in the motions to dismiss and the motion for sanctions – that the claims in the Amended Complaint were frivolous and, as such, Defendant was entitled to recover attorney fees pursuant to section 559.77(2). By this time, the *Bartine* court had already dismissed with prejudice the complaint in that case, and Defendant quoted extensively from that court's order in an effort to characterize the Amended Complaint here as frivolous such that the Court should issue sanctions (under the then-pending motion for sanctions) and award attorney fees (as argued in the Motion itself).

Plaintiff responded to the Motion and, in sum, asserted that the Court lacks jurisdiction to consider the Motion due to the voluntary dismissal. Doc. 52. Plaintiff also asserted that its claims were not frivolous, and reiterated the prior arguments made in that regard. *Id*.

On July 29, 2019, the Court entered an Order denying the motion for sanctions. Doc. 53. In the Order, entered by the undersigned United Stated Magistrate Judge, the Court found that, even considering *Bartine*, the Amended Complaint was not frivolous in the context of Rule 11 sanctions: "Plaintiff advocated for a creative position regarding her timeshare interest, which may have been misguided, but was not objectively frivolous." Doc. 53 at 8. No objection was filed to that Order.

On August 9, 2019, in *Bartine*, the case relied upon by Defendant so heavily, the court denied a similar motion for Rule 11 sanctions, finding that the plaintiff's claims were not objectively unreasonable: "Thus, it was a reasonable—albeit ineffective—argument for an extension or change to the existing law." *Bartine* at Doc. 94. In *Bartine,* there was a similar

motion for attorney fees pending, and the Magistrate Judge assigned to that case has recommended the motion for attorney fees be denied on a similar basis. Doc. 95.

## II.     Discussion

In the Motion, Defendant seeks attorney fees as a "prevailing party" pursuant to "Federal Rule of Civil Procedure 54, Local Rule 4.18, and Fla. Stat. § 559.77(2)." Doc. 48 at 1-3.

Rule 54(d)(2) requires that any motion for attorney fees be made by motion and that the motion be filed within 14 days of judgment and contain certain information, including specification of "the judgment and the statute, rule, or other grounds entitling the movant to the award." Local Rule 4.18 echoes many of the requirements of the Rule 54(d)(2). Florida Statutes section 559.77(2) is a part of the FCCPA and provides that: "If the court finds that [an FCCPA] suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." "Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be frivolous." *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) (quoting *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1290 (M.D. Fla. 2006) and *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1508 (11th Cir.1985)) (internal quotation marks omitted) (addressing attorney fees provisions of the Florida Antitrust Act, Fla. Stat. § 542.22)).

Despite Defendant's repeated claims to entitlement to attorney fees as a "prevailing party," the issue of whether Defendant is a prevailing party under Florida law is a red herring; neither Rule 54(d)(2) nor section 559.77(2) authorize the award of attorney fees to a prevailing party.[1] To be

---

[1] The undersigned notes that Defendant – appropriately – does not seek costs pursuant to Rule 54(d)(1) as a prevailing party. In the context of Rule 54, whether a litigant is a prevailing party is only relevant to subsection (d)(1) of Rule 54, the subsection relating to costs.

sure, the undersigned recognizes that Defendant would be – in a general sense – a prevailing party under Florida law due to the voluntary dismissal.[2] But that is beside the point in analyzing the Motion, because while some Florida statutes allow for the award of attorney fees to a "prevailing party," section 559.77(2) is not one of those statutes.[3]

What matters – if the Court reaches this issue – is the substantive question of whether the action "fails to raise a justiciable issue of law or fact," not the ministerial question of whether Defendant is a prevailing party under Florida law because Plaintiff filed a notice of voluntary dismissal. Defendant filed the Motion seeking attorney fees after Plaintiff filed the Rule 41(a)(1)(A)(i) notice, and after the Court expressly reserved jurisdiction to consider the then-pending motion for sanctions. Of course, a notice filed pursuant to Rule 41(a)(1)(A)(i) "is effective immediately upon filing" and requires no order of the court to be effective. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012) (quoting *Matthews v. Gaither,* 902 F.2d 877, 880 (11th Cir.1990)). In the Motion, Defendant provides little discussion or authority – none binding – on the issue of whether the Court retains jurisdiction to consider the Motion, which requests the Court to assess the merits of a claim Plaintiff dismissed without prejudice. This seems to run afoul of the purpose of a Rule 41(a)(1)(A)(i) dismissal. Unfortunately, in her response, Plaintiff challenges the Court's authority to adjudicate the Motion but fails to cite any authority directly on point. It is worth noting that, in *Bartine*, the court considered a similar motion for

---

[2] *See Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006) ("The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation.").

[3] A prevailing plaintiff is entitled to recover attorney fees under the statute, but a prevailing defendant may only recover costs and fees if a court determines that the "suit fails to raise a justiciable issue of law or fact." Fla. Stat. § 559.77(2).

attorney fees on its merits after the court granted the motion to dismiss and dismissed the complaint with prejudice – not after a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i).

Thus, while both parties identified the jurisdictional issue and fully briefed the substantive issue concerning the merits of the action, neither party adequately briefed the jurisdictional issue. Perhaps Defendant's emphasis on it being a "prevailing party" under Florida law is due to the existence of significant authority for the proposition that courts retain jurisdiction following a Rule 41(a)(1)(A)(i) notice to handle certain collateral matters, such as entertaining Rule 11 sanctions motions filed prior to voluntary dismissal and, to a lesser extent, awarding attorney fees in diversity actions under state statutes and contractual provisions awarding fees to prevailing parties.  But the Motion is not a sanctions motion, and what is requested here is an assessment of the legal merits of Plaintiff's complaint; a more substantive decision than whether Defendant is a prevailing party under Florida law. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("Because a Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint, the imposition of such a sanction after a voluntary dismissal does not deprive the plaintiff of his right under Rule 41(a)(1) to dismiss an action without prejudice.").  Defendant has provided no convincing authority or argument for the proposition that the Court has collateral jurisdiction to consider the Motion following a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) and, in doing so, assess the legal merits of the complaint to make the determinations required for a ruling under section 559.77(2).  Thus, the undersigned finds that Defendant has failed to establish that the Court has collateral jurisdiction to award attorney fees as requested in the Motion.

Yet, if the Court disagrees, it is worth noting that in the Order denying the motion for sanctions (Doc. 53), the undersigned has already considered the arguments that form the substance of the Motion, and little more is required to deny the Motion than to reiterate the reasoning in that

un-objected-to Order. Assuming the Court has jurisdiction to entertain the Motion, it is due to be denied. As the Court has already found, this action – though misguided and ineffective – was not objectively frivolous. *See* Doc. 53; *see also Bartine* at 94; 95. Thus, the undersigned finds that this suit raised justiciable issues of law and fact and respectfully recommends that the Motion be denied, as the Motion fails to establish entitlement to the relief requested under the stated authority, i.e. section 559.77(2).

### III.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Motion (Doc. 48) be **DENIED** and the Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 23, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy